## SUPREME COURT.

CURTISS L. VAN DUSEN, respondent agt. JOHN BISSELL, appellant.

Where a *party* attends the trial of his cause *solely as a witness,* and is sworn and examined as such, he is entitled to *witnesses fees.*

It is appropriate and perhaps proper, that each judicial district should follow its own rulings and decisions upon this question, which seem to be nearly balanced, until some different general rule shall be established by the court of appeals or prescribed by the legislature.

*Erie General Term, September,* 1865.
*Before* GROVER, *P. J.,* MARVIN *and* DANIELS, *Justices.*

IN the adjustment of the plaintiff's costs in this case, the clerk of Niagara county allowed him $27.92 for traveling and attendance fees, as·a witness in his own behalf. His affidavit produced before the clerk showed him to be a necessary and material witness in his own behalf on the trial of this cause, and that he attended solely as a witness, and was sworn and examined as such. The defendant objected to the allowance of these fees, and appealed from the decision of the clerk, by which he permitted them to be adjusted. The special term affirmed the clerk's decision, and the defendant appealed to this court.

FARWELL & BRAZEE, *for appellant*.
JOHN T. MURRAY, *for respondent.*

DANIELS, J. This court in an unreported decision has already held that the party who attends the trial of his cause solely as a witness, and is sworn and examined as such, is entitled to witnesses fees. And the ruling has been acted upon by the legal profession for several years in this district. If a uniform rule could be secured by departing from that decision, so that the construction of the Code upon this subject would be the same throughout the state,

I should consider it to be the duty of this court to follow
that course.   For where a question upon principle may be
very nicely balanced, it is best for the public that a fixed
and inflexible determination should be maintained, even
though it may be at the expense of mere abstract right.
It is more necessary that a general rule should be secured,
that can be known and observed by all in cases of that
nature, than that positive accuracy should be reached
through the uncertainty of a succession of conflicting and
incompatible decisions.   It is a very serious fault in the
present judicial system of this state, that it was created
in such a manner as not only to create, but also to foster
variety and conflict in its determinations of legal contro-
versies.

But it is out of the power of this court to remedy that
evil by surrendering the conclusion previously arrived at,
upon the question presented by this appeal.   For the same
ruling has been made by the general term in the first dis-
trict (*Hanna* agt. *Dexter*, 15 *Abb.* 135), and by that of the
third district, where the principle is still further extended,
so as to allow fees to the successful party whenever he may
be sworn and examined as a witness upon the trial (*Tiffany
& Smith's Pr. vol.* 2, 439).   The rule which has been
adopted in this district is also observed by the superior
court of New York city (*Bronner* agt. *Frauenthal*, 20 *How.*
355), in which the learned justice states the ruling to be
uniform upon that subject in all the courts in that city.
See also *Taaks* agt. *Schmidt* (25 *How.* 341, 344), and *Rogers*
agt. *Chamberlain* (7 *Abb.* 451), which was decided by the
court of common pleas.   That is also the construction of
the law declared by the special term in the fourth district
(*Logan* agt. *Brooks*, 17 *How.* 29), and by the superior court
in the city of Buffalo.

While I feel bound to concede that the reason of the law
seems to be altogether with the courts of the seventh dis-
trict (*Case* agt. *Pierce*, 17 *How.* 348, 353), and that of the

sixth district (*Steere* agt. *Miller*, 28 *How.* 266), yet I do not think that we are at liberty under the circumstances to follow them. In the present condition of judicial authority, there is a manifest propriety in maintaining the conclusion already declared by this court until some different general rule shall be promulgated by the court of appeals or be prescribed by legislative power. And for that reason alone, the order of the special term should be affirmed.

GROVER, P. J., and MARVIN, J., concur.